**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 06-P204-C**

**DEMETRIUS ARNOLD**

                                                **PETITIONER,**

**V.**                  **MEMORANDUM OPINION AND ORDER**

**JOHN MOTLEY, Warden**

                                              **RESPONDENT.**

* * * * * * * * * *

This matter is before the court on Magistrate Judge Dave Whalin's Amended Findings of Fact, Conclusions of Law, and Recommendation (R. 27) concerning the respondent's motion to dismiss (R. 12). The petitioner moved for reconsideration (R. 28) of the magistrate judge's proposed findings, conclusions, and recommendation, which the court will construe as timely objections filed under 28 U.S.C. § 636(b)(1)(c). With permission from the court (R. 29), the petitioner submitted additional documentary evidence (R. 30). He also requested that the court appoint counsel to represent him (R. 30). After considering the petitioner's objections and conducting a *de novo* review of the record, the court will adopt the Amended Findings of Fact, Conclusions of Law, and Recommendation and will grant the respondent's motion to dismiss. In addition, the court will deny the petitioner's request for the appointment of counsel.

**I.**    **Post-Conviction Appeal**

The magistrate judge recommends dismissal of the petitioner's claim

regarding his motion to withdraw his guilty plea because the petitioner procedurally defaulted when he failed to file the required four copies of his motion for discretionary review with the Kentucky Supreme Court.

In his objections, the petitioner states that he was in the Segregated Men's Unit ("SMU") when the Kentucky Supreme Court issued its order directing him to pay a $5.00 filing fee and submit four additional copies of his motion for discretionary review. The petitioner further states that, per prison policy, he had no access to legal resources and was required to submit a slip requesting legal assistance to comply with the order because he was in the SMU. According to the petitioner, on the slip he requested that a case worker make the payment of the filing fee from his account and produce and mail four additional copies of his motion.

While the filing fee was paid, the petitioner in his objections requested, and was granted, thirty days "to obtain, by way of Open Records Request, a copy of his Inmate Account Transactions stemming from that time evidencing the withdrawal of the funds from his account specifically for the purpose of legal copies being produced and mailed in relation to the Supreme Court of Kentucky's Administrative Order" (R. 28, at 6).

The magistrate judge found that the petitioner did not succeed in showing cause or prejudice for his procedural default on his motion for discretionary review with the Kentucky Supreme Court, as required by *Maupin v. Smith*, 785 F.2d 135,

138 (6th Cir. 1986) (R. 27, at 19). *Maupin* requires that "[o]nce the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was 'cause' for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error." *Id.* at 138. *See also Poindexter v. Mitchell*, 454 F.3d 564, 583-84 (6th Cir. 2006) (affirming a district court ruling that a petitioner's "ineffective assistance of counsel claim was procedurally defaulted unless he could show cause and prejudice"). Consequently, the burden was on the petitioner to demonstrate cause or prejudice for his procedural default.

The petitioner, despite being given the extension that he requested, has not produced, nor has he requested an additional extension of time to produce, evidence supporting his assertion that he instructed the case worker to generate and mail the copies of his motion for discretionary review that the Kentucky Supreme Court ordered him to produce. Therefore, the court will adopt the magistrate judge's amended findings of fact, conclusions of law, and recommendation as to the petitioner's post-conviction appeal asserting ineffective assistance of counsel. Consequently, the court will grant the respondent's motion to dismiss as to the petitioner's claim of ineffective assistance of counsel.

## II.    Motion to Withdraw Guilty Plea

The magistrate judge recommends dismissal of the petitioner's claim as to

3

his motion to withdraw his guilty plea because the petitioner procedurally defaulted on this claim by voluntarily dismissing his appeal to the Kentucky Supreme Court. The respondent has filed with the court an affidavit requesting dismissal of the petitioner's appeal to the Kentucky Supreme Court that appears to have been signed by the petitioner (R. 20, at 7).  The petitioner, however, asserts that he never signed this affidavit; alleges that his appellate attorney from the Department of Public Advocacy filed a "fraudulent affidavit" (R. 28, at 4); has filed with the court an unsigned copy of this affidavit (R. 28-2, at 4-5); and has filed with the court an affidavit signed by Darnell Hopewell, an inmate legal aide, who states that he advised the petitioner not to sign the affidavit requesting dismissal of his appeal and that the petitioner retained possesion of the affidavit provided him by his appellate attorney in his personal case file (R. 30, at 3).

The petitioner's claims that his appellate attorney forged his signature and had the appeal dismissed without his consent are inherently incredible and do not require further examination.  The petitioner first raised these issues in his motion for reconsideration, which was filed on April 23, 2008, even though the Kentucky Supreme Court dismissed the petitioner's appeal on May 16, 2003.  The petitioner's failure to raise these issues earlier supports the court's finding that his claim lacks credibility.  In addition, FED. R. EVID. 901(b)(3) permits the trier of fact to authenticate or identify evidence by comparing it with specimens which have been authenticated.  Upon review of the signature on the allegedly forged affidavit,

4

R. 20, at 7, and the plaintiff's signature on various court documents in the record, such as R. 28, at 6-7, and R. 30, at 1-2, the court finds that the signature on the affidavit was not forged.  All of these signatures are substantially similar, and nothing indicates that someone other than the petitioner made them.

The petitioner also submitted the affidavit of Darnell Hopewell, another prisoner, who stated that the petitioner did not sign the affidavit consenting to the dismissal of his appeal.  Hopewell's affidavit lacks credibility on its face and cannot be used to support the petitioner's claim.  "Even where a petitioner's claim is supported by an affidavit which raises a credibility issue, 'when a petitioner has made a claim which is incredible on its face or incredible in context of the record before the Court, then an evidentiary hearing will not be required.'" *Griffin v. Howes*, No. 1:07-CV-14402, 2009 WL 211172, at *1 (E.D. Mich. Jan. 27, 2009) (quoting *Ellis v. Picklesimer*, 135 F.Supp.2d 717, 720 (M.D.N.C. 2000)).  Hopewell's affidavit is not credible on its face because it was submitted over five years after the petitioner's appeal was dismissed.  *See, e.g., Adams v. Harrison*, 266 Fed. App'x 560, 562 (9th Cir. 2008).  In addition, because the petitioner "has not established that an evidentiary hearing would produce evidence more reliable or more probative than the [affidavits] that were before the court," *Griffin v. Johnson*, 350 F.3d 956, 966 (9th Cir. 2003), the court will not hold a hearing in this matter.  The petitioner procedurally defaulted on his appeal to the Kentucky Supreme Court of his motion to withdraw his guilty plea.  Therefore, the respondent's motion to

dismiss must be granted.

III.    **Conclusion**

Accordingly,

**IT IS ORDERED** that Magistrate Judge Whalin's Amended Findings of Fact, Conclusions of Law, and Recommendation (R. 27) is **ADOPTED** as the opinion of the court with the addition of the analysis set forth above.

**IT IS FURTHER ORDERED** that the respondent's motion to dismiss (R. 12) is **GRANTED** and the petitioner's claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, as the petitioner has failed to make a substantial showing of the denial of a constitutional right in his claim of ineffective assistance of counsel.  *See* 28 U.S.C. § 2283(c)(1). Reasonable jurists would not find either debatable or wrong the assessment herein of the petitioner's constitutional claim regarding ineffective assistance of counsel.

**IT IS FURTHER ORDERED** that the petitioner's request for the appointment of counsel (R. 30) is **DENIED**.

Signed on  September 22, 2009

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**

6